# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-1112 |
| ) | |
| YOLANDE JOHNSON, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion for Appointment of Counsel. (Doc. 9). For the reasons stated below, Petitioner's Motion is denied.

Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660.

Petitioner has not made the threshold attempt of securing counsel without Court intervention, and therefore will not be appointed an attorney. (Doc. 3 at 1). Furthermore, even if Petitioner had made the requisite attempt, he still is not

entitled to counsel. He appears competent to litigate the straightforward issues raised in his Petition,[1] and the Court believes that appointed counsel would not be "reasonably likely to alter the outcome." Indeed, Petitioner's pattern of frequent litigation in this Court shows that he is capable of using the legal system satisfactorily.[2]

In addition to appointment of counsel under 28 U.S.C. § 1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A. None of these are applicable at this point in time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

Petitioner contends that he requires counsel because he is prone to self-mutilation, and that, when he last cut himself, on June 7, 2010, prison officials took his legal materials away from him until June 10, 2010. (Doc. 9 at 2-3). When his property was returned to him on June 10, 2010, Petitioner alleges that transcripts and other legal documents relevant to the instant Petition were missing. (Doc. 9 at 2-3). He states that it will be impossible for him to respond to the Respondent's

---

[1] Petitioner claims that his due process and speedy trial rights were violated by the trial court's unnecessary questioning of his fitness. He also claims that his counsel on direct appeal was ineffective for failing to raise this issue on direct appeal.

[2] Petitioner has three currently-pending habeas cases before this Court: the instant case, 09-cv-1364, and 10-cv-1111. In addition, he has two habeas cases pending before Judge Mihm (09-cv-1186 and 10-cv-1110), and a § 1983 case before Judge Baker (09-cv-1404).

Answer, which was filed on June 23, 2010, without these documents. (Doc. 9 at 3; Doc. 7). In this situation, an attorney is not the proper remedy. Petitioner's purported lack of access to his legal materials does not show that he is now incapable of litigating his Petition on his own; indeed, he does not allege this.[3] Instead, Petitioner needs access to the materials pertinent to this case, which Respondent has electronically filed, as exhibits to its Answer; these exhibits should suffice to allow Petitioner to prepare his Reply.[4] It does not appear that Respondent included these documents when it served the Answer upon Petitioner. Respondent will therefore be directed to serve a copy of the exhibits upon Petitioner for his use in preparing his Reply.[5]

---

[3]     Petitioner does make a brief reference to Respondent's expertise in habeas corpus law. (Doc. 9 at 2). However, the difference between his own and the Respondent's counsel's legal knowledge is an ordinary circumstance of habeas cases, and does not itself justify the appointment of counsel. *See Pruitt*, 503 F.3d at 655 ("The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant.") (internal citation and quotation marks omitted).

[4]     These materials include Exhibit A: Petitioner's brief, *People v. Gay*, No. 4-06-0010; Exhibit B: State's brief, *People v. Gay*, No. 4-06-0010; Exhibit C: Petitioner's reply brief, *People v. Gay*, No. 4-06-0010; Exhibit D: Opinion, *People v. Gay*, 882 N.E.2d 1033 (Ill.App. 2007); Exhibit E: Motion to withdraw as counsel, *People v. Gay*, No. 4-08-0368; Exhibit F: Petitioner's motion in opposition to counsel's motion to withdraw as counsel, *People v. Gay*, No. 4-08-0368; Exhibit G: State's brief, *People v. Gay*, No. 4-08-0368; Exhibit H: Order, *People v. Gay*, No. 4-08-0368 (Ill.App. 2009); Exhibit I: PLA, *People v. Gay*, No. 109506; Exhibit J: Order, *People v. Gay*, No. 109506 (Ill. 2010); and Exhibit K: Trial record, *People v. Gay*, No. 04 CF 13.

[5]     The Court also notes that Respondent appears to have overlooked Local Rule 5.8(A), which provides that "If a document with attachments and exhibits is longer than 30 pages, a courtesy paper copy must be provided to the presiding judge's

IT IS THEREFORE ORDERED that Petitioner's Motion for Appointment of Counsel (Doc. 9) is DENIED.  Respondent SHALL serve a copy of the exhibits to its Answer upon Petitioner within seven days of the date of this order.  In its discretion, the Court GRANTS Petitioner an additional 45 days from the date of this order to submit his Reply to Respondent's Answer.  Respondent SHALL also provide a courtesy copy of its Answer with exhibits to the undersigned's chambers within seven days of the date of this order, pursuant to Local Rule 5.8(A).

Entered this <u>15th</u> day of July, 2010.

                                                               s/ Joe B. McDade
                                                          JOE BILLY McDADE
                                        United States Senior District Judge

---

chambers."  Respondent will be directed to provide a courtesy copy to the undersigned's chambers.