E-FILED
Thursday, 22 July, 2010  09:00:08 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   10-cv-1112 |
| | ) | |
| YOLANDE JOHNSON, *Warden, Tamms* | ) | |
| *Correctional Center*, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Amended Motion for Appointment of Counsel. (Doc. 12). For the reasons stated below, Petitioner's Motion is denied.

On July 15, 2010, the Court entered an Opinion & Order denying Petitioner's first Motion for Appointment of Counsel. (Doc. 10). On that same date, presumably before he had received a copy of the Court's Opinion & Order, Petitioner mailed the instant Amended Motion for Appointment of Counsel to the Court, seeking to add that he had attempted to retain counsel on his own prior to requesting the Court's assistance, and to incorporate the rest of his first Motion for Appointment of Counsel. (Doc. 12).

In its July 15, 2010 Opinion & Order, the Court relied in part on Petitioner's failure to make a reasonable effort to secure counsel on his own. Petitioner now states that he has made such an effort, and attaches a letter from Equip for Equality, a legal services organization focused on advocating for people with

disabilities, denying his request for representation. (Doc. 12 at 3). First, contacting a single legal services agency, especially one that does not even work in the area of criminal or habeas corpus law, does not constitute a reasonable attempt to secure counsel to qualify under *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Moreover, the Court explained in its July 15, 2010 Opinion & Order that Petitioner would not be entitled to counsel even if he had made a reasonable attempt, as he appeared competent the litigate the issues raised in his Petition. (Doc. 10 at 1-2). The Court also addressed Petitioner's stated reason for requiring an attorney, that his legal documents necessary to prepare a Reply to Respondent's Answer had been taken from him, by ordering Respondent to send a copy of the voluminous exhibits to Petitioner, which Respondent has now done. (Doc. 10 at 3-4; Doc. 11). Petitioner's Amended Motion for Appointment of Counsel therefore does not lead the Court to appoint counsel for him.

IT IS THEREFORE ORDERED that Petitioner's Amended Motion for Appointment of Counsel (Doc. 12) is DENIED.

Entered this 21st day of July, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
