# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.   10-cv-1112 |
| ) | |
| YOLANDE JOHNSON, *Warden, Tamms* ) | |
| *Correctional Center*, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Renewed Motion for Appointment of Counsel, his third request for counsel.  (Doc. 15).  For the reasons stated below, Petitioner's Motion is denied.

On July 15, 2010, the Court entered an Opinion & Order denying Petitioner's first Motion for Appointment of Counsel, both because Petitioner had failed to make a reasonable effort to secure counsel on his own and because he appeared competent to litigate his claims himself.  (Doc. 10).  The Court also addressed Petitioner's stated reason for requiring an attorney, that his legal documents necessary to prepare a Reply to Respondent's Answer had been taken from him, by ordering Respondent to send a copy of the voluminous exhibits to Petitioner, which Respondent did.  (Doc. 10 at 3-4; Doc. 11).  On July 21, 2010, the Court denied Petitioner's Amended Motion for Appointment of Counsel, in which he asserted that he had made a reasonable effort to secure counsel; the Court found that Petitioner's single attempt to secure counsel, from Equip for Equality, a legal services

organization focused on advocating for people with disabilities, did not constitute a reasonable attempt to secure counsel to qualify under *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), and that Petitioner still appeared competent to litigate his claims alone. (Doc. 13). On July 23, 2010, Petitioner requested an extension of time to respond to Respondent's Answer to his Petition; the Court granted him until August 13, 2010 to file his Reply. (7/23/10 Text Order).

In his Renewed Motion for Appointment of Counsel, Petitioner asserts that he requires the assistance of counsel because his repeated requests to the law library for legal research materials have gone unfulfilled, and because it appears that the law library is not filing all of the motions that Petitioner has submitted for filing in his various pending lawsuits. (Doc. 15). He does not address the Court's previous conclusion that he had not made a reasonable effort to secure counsel on his own, which is the first requirement under *Pruitt* before the Court will appoint counsel for him; this deficiency would alone justify the Court's determination that he should not be appointed counsel at this time. Moreover, the Court still finds that Petitioner's own abilities are sufficient to handle this case.

On June 23, 2010, Petitioner filed a grievance with his institution complaining that his requests for paper and envelopes, access to his "boxes," and caselaw were never processed by the law library; he requested direct access to the law library's paralegal and the fulfillment of his requests. (Doc. 15 at 6-7). On June 25, 2010, Respondent directed the "paralegal to respond to offender's appropriate requests for legal access in timely manner." (Doc. 15 at 6). Notwithstanding this

order, Petitioner asserts in his Affidavit, the law library again failed to fulfill his July 10 and 18 requests for specific caselaw for the instant matter. (Doc. 15 at 3). Typically, the Court will not reach out to interfere in prison administration. However, in this instance, the law library's apparent foot-dragging (which seems to be substantiated by Respondent's June 25, 2010 order to the paralegal) is hindering the process of the Court's work. Respondent will therefore be directed to ensure that her June 25, 2010 order to the law library paralegal is fulfilled. The Court's order herein does not constitute a license for Petitioner to make unreasonable demands upon the law library, but is merely intended to ensure that the Court can proceed with the efficient disposition of Petitioner's case.

IT IS THEREFORE ORDERED that Petitioner's Renewed Motion for Appointment of Counsel (Doc. 15) is DENIED. Petitioner's custodian is DIRECTED to ensure that he has appropriate reasonable and timely access to legal materials, as directed on June 25, 2010 in her Emergency Review of Petitioner's Grievance, and that his court submissions are timely filed. Petitioner's Reply is now DUE on or before September 6, 2010.

Entered this <u>10th</u> day of August, 2010.

                                                                                          s/ Joe B. McDade  
                                                                                          JOE BILLY McDADE  
                                                                  United States Senior District Judge