# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   10-cv-1112 |
| | ) | |
| YOLANDE JOHNSON, *Warden, Tamms* | ) | |
| *Correctional Center*, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Renewed Motion for Appointment of Counsel, his fourth request for counsel. (Doc. 19). For the reasons stated below, Petitioner's Motion is denied.

On July 15, 2010, the Court entered an Opinion & Order denying Petitioner's first Motion for Appointment of Counsel, both because Petitioner had failed to make a reasonable effort to secure counsel on his own and because he appeared competent to litigate his claims himself. (Doc. 10). The Court also addressed Petitioner's stated reason for requiring an attorney, that his legal documents necessary to prepare a Reply to Respondent's Answer had been taken from him, by ordering Respondent to send a copy of the voluminous exhibits to Petitioner, which Respondent did. (Doc. 10 at 3-4; Doc. 11). On July 21, 2010, the Court denied Petitioner's Amended Motion for Appointment of Counsel, in which he asserted that he had made a reasonable effort to secure counsel; the Court found that Petitioner's single attempt to secure counsel, from Equip for Equality, a legal services

organization focused on advocating for people with disabilities, did not constitute a reasonable attempt to secure counsel to qualify under *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), and that Petitioner still appeared competent to litigate his claims alone. (Doc. 13).

On August 5, 2010, Petitioner requested counsel for a third time, asserting that he required the assistance of counsel because his repeated requests to the law library for legal research materials had gone unfulfilled, and because it appeared that the law library was not filing all of the motions that Petitioner had submitted for filing in his various pending lawsuits. (Doc. 15). Although the Court denied his request because it found that he still had not made a reasonable attempt to secure counsel, nor had he shown that he was incompetent to litigate his claims alone, it did direct Respondent to ensure that Petitioner's requests were timely carried out by the law library. (Doc. 16). This order was repeated in the Court's subsequent Order and Opinion granting Petitioner an extension of time to file his Reply to Respondent's Answer. (Doc. 18).

On September 13, 2010, Petitioner filed the instant request for appointment of counsel. (Doc. 19). In his request, Petitioner discloses to the Court that 1) he has engaged in acts of self-mutilation, and 2) the prison personnel still refuse to cooperate with him in his requests for access to the law library and court filing services.[1] (Doc. 19). Based upon these disclosures, Petitioner asks this Court to again consider appointing him counsel. (Doc. 19).

---

[1] The Court has received contrary information from the Warden, indicating that she is on notice of this Court's order to give Petitioner timely access to the law library

At the outset, the Court notes that Petitioner has again failed to show that he has satisfied the first prong of the *Pruitt* requirements in that he has made no attempt to secure his own counsel; this deficiency alone would justify the Court's determination that Petitioner should not be appointed counsel at this time. In addition, the Court still believes that Petitioner is competent to litigate this case himself. In making this determination, the Court takes into account the factual and legal difficulties of Petitioner's case, as well as his abilities as a layperson. *See Pruitt*, 503 F.3d at 655.

In terms of the difficulty of his case, the issues raised in the Peition appear relatively straightforward.[2] With respect to Petitioner's abilities, the Seventh Circuit has held that while there are no categorical rules for what must be taken into account, district courts should normally consider Petitioner's "literacy, communication skills, educational level, and litigation history," in addition to intellectual capacity and psychological history. *Id.* at 655-56. Here, Petitioner has shown himself to be more than proficient in terms of literacy and communication skills, as evidenced by the numerous letters and filings he has submitted to this Court. Further, Petitioner's pattern of frequent litigation in this Court shows that

---

and that, other than a brief time period during which Petitioner was on restriction due to his self-mutilation, he has been given full and timely access thereto.

[2] Petitioner claims that his due process and speedy trial rights were violated by the trial court's unnecessary questioning of his fitness. He also claims that his counsel on direct appeal was ineffective for failing to raise this issue on direct appeal.

3

he is capable of using the legal system satisfactorily.[3] While the Court also takes into account Petitioner's psychological impairments, it does not believe that these make it necessary to appoint Petitioner counsel in this case. The Court notes that the Petitioner does not allege a recent onset of self-mutilation, but states that it has been ongoing for the past twelve years. As discussed in the previous footnote, Petitioner has litigated numerous claims in the federal courts during this time period such that there is no reason for the Court to believe that he is no longer competent to do so.

For the foregoing reasons, Petitioner's Fourth Motion to Appoint Counsel is DENIED. IT IS SO ORDERED.

Entered this 21st day of September, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

---

[3] Petitioner has three currently-pending habeas cases before this Court: the instant case, 09-cv-1364, and 10-cv-1111. In addition, he has one habeas case pending before Judge Mihm (10-cv-1110), one habeas case on appeal to the Seventh Circuit (09-cv-1186) and a § 1983 case before Judge Baker (09-cv-1404).