# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-1112 |
| ) | |
| YOLANDE JOHNSON, *Warden, Tamms* ) | |
| *Correctional Center,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner Anthony Gay's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Respondent has filed an Answer to the Petition (Doc. 7), to which Petitioner has filed a Reply (Doc. 23). Petitioner has also filed two Motions to Expand the Record (Doc. 22 & 24) pursuant to Rule 7 of the Rules Governing § 2254 Cases. For the following reasons, Petitioner's Motions to Expand the Record (Docs. 22 & 24) and § 2254 Petition (Doc. 1) are DENIED.

### PROCEDURAL HISTORY

Petitioner was first convicted of robbery in 1994, and was sentenced to seven years imprisonment. (Doc. 7 at 2). Since that time, Petitioner has accumulated numerous aggravated-battery convictions. (Doc. 7 at 2). The instant habeas proceeding arises out of one such conviction. The factual predicate for this conviction occurred on January 23, 2001, when Petitioner struck a correctional

officer at the Pontiac Correctional Center where he was imprisoned. (Doc. 7 Exh. A at 10). The State charged Petitioner with aggravated battery on January 20, 2004.[1]

On March 3, 2004, Petitioner made a *pro se* demand for a speedy trial in the proceeding underlying this case, as well as six other cases, pursuant to 730 ILCS 5/3-8-10. On May 26, 2004, however, the circuit court entered a written order for an examination to determine Petitioner's fitness with regards to all of his pending cases. (Doc. 7 at 3). After a March 16, 2005, fitness hearing, the trial court found Petitioner fit to proceed on his pending cases. (Doc. 7 at 3). Accordingly, Petitioner's underlying case proceeded to a jury trial on November 7, 2005, at which time he was convicted. (Doc. 1 at 1). On December 14, 2005, Petitioner was sentenced to a term of six years imprisonment, to be served consecutively to sentences in twelve other cases. (Doc. 7 Exh. A at 5).

On direct appeal, Petitioner argued that: 1) the circuit court violated his statutory right to a speedy trial pursuant to 725 ILCS 5/103-5 and 730 ILCS 5/3-8-10. (Doc. 7 Exh. A at 13-16); and 2) the circuit court erred by failing to hold an in camera hearing with regards to several juror's relationship with the case. (Doc. 7 Exh. A at 17). On December 28, 2007, the Illinois Appellate Court for the Fourth District of Illinois affirmed Petitioner's conviction. (Doc. 7 Exh. D). With regards to Petitioner's speedy trial claim, the Fourth District found that Petitioner was tried within the applicable speed-trial period (for a defendant in the custody of the Illinois Department of Corrections with multiple charges pending against him), and that therefore no violation had occurred. (Doc. 7 Exh. D at 7-8). Petitioner did not

---

[1] Petitioner also had ten other aggravated battery cases pending at this time.

file a Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court. (Doc. 7 at 5). In July, 2007, Petitioner also filed a petition for relief from judgment under 735 ILCS 5/2-1401, in this case and eleven others, arguing that the State's Attorney violated his speedy trial right by waiting anywhere from 18 months to almost three years after the alleged incident to file an indictment. (Doc. 7 at 6).

On January 14, 2008, Petitioner filed a *pro se* post-conviction petition in which he argued that the trial court violated his speedy trial right by ordering a fitness examination when his fitness was not an issue, and that his appellate counsel was ineffective for failing to raise that and other issues on appeal. (Doc. 7 Exh. H at 6). After the circuit court denied Petitioner's post-conviction petition as patently frivolous and without merit, Petitioner filed a motion to vacate the court's judgment, asserting that the speedy-trial argument in his petition was different than the one he raised on direct appeal. (Doc. 7 Exh. H at 7). Specifically, Petitioner noted that he was now arguing that the trial judge erred in *sua sponte* questioning his fitness when no such question existed, and that this violated 725 ILCS 5/104-10 and Illinois case law. (Doc. 7 Exh. F at 2). The Illinois Appellate Court for the Fourth District affirmed, finding that Petitioner's speedy-trial claim was either already determined on direct appeal, or, if as Petitioner asserted this speedy-trial argument was different, forfeited by his failure to raise it on direct appeal. (Doc. 7 Exh. H at 11). In addition, the Fourth District found that the claim was meritless because Petitioner's counsel had urged the trial court to order the fitness examination that served as the basis of his speedy trial argument, and

Petitioner could not now complain of an error he induced the circuit court to make. (Doc. 7 Exh. H at 11 (*citing People v. Davis*, 746 N.E.2d 758, 761 (Ill. App. Ct. 2001)).

With regards to Petitioner's ineffective assistance claim, the Fourth District found that he failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1974). Under *Strickland*, to assert an ineffective assistance of counsel claim, Petitioner had to prove (1) that his counsel's performance failed to meet an objective standard of competence, and (2) counsel's deficient performance resulted in prejudice to Petitioner. (Doc. 7 Exh. H at 12). The Fourth District found that Petitioner failed to meet the prejudice prong, because both of the issues Petitioner claimed his counsel was ineffective for not raising were meritless. (Doc. 7 Exh. H at 12). Accordingly, the Fourth District affirmed the circuit court's dismissal of Petitioner's post-conviction petition. Petitioner filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on January 27, 2010. (Doc. 7 at 7).

On April 22, 2010, Petitioner filed the instant § 2254 Petition in which he has raised three claims: "1) Due Process Violation – The trial court circumvented my statutory speedy trial rights by questioning my fitness when there was no question about my fitness;" "2) Speedy trial violation – The trial court circumvented my statutory speedy trial rights by questioning my fitness when there was no question about my fitness;" and "3) Ineffective Assistance of Counsel – my appellate counsel was ineffective for not raising the issues in ground one and two." (Doc. 1 at 6-9).

On April 29, 2010, the Court ordered Respondent to respond to the Petition within 60 days. (Doc. 3). Respondent filed an Answer on June 23, 2010.

## DISCUSSION

Section 2254 of Chapter 28 of the United States Code provides that a court may "entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" (emphasis added). Accordingly, "federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law." *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990) (*quoting United States ex. re. Lee v. Flannigan*, 884 F.2d 945, 952 (7th Cir. 1989)). "Violations of state laws are cognizable only if they resulted in fundamental unfairness and consequently violate a petitioner's constitutional rights." *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003).

Here, in grounds one and two, Petitioner appears to only allege violations of his statutory speedy trial rights. Although he labels the claims "Due Process Violation" and "Speedy trial violation," the supporting facts he gives for each are that "The trial court circumvented my *statutory speedy trial rights* by questioning my fitness when there was no question about my fitness." (Doc. 1 at 6-9 (emphasis added)). Furthermore, both on direct appeal and on his petition for post-conviction relief, Petitioner's arguments concerning his speedy trial rights were brought pursuant to Illinois law.[2] While he asserts that there is a difference between his

---

[2] As previously noted, Petitioner's first speedy trial claim was brought pursuant to 725 ILCS 5/103-5 and 730 ILCS 5/3-8-10. (Doc. 7 Exh. A at 13-16); and his second

5

claim on direct appeal and his post-conviction claim, this difference is purportedly that on direct appeal he attributed the delay to his counsel, and in his post-conviction appeal, he attributed the delay to the circuit court's *sua sponte* actions, however both times he argued that the delay violated his statutory right to a speedy trial. (Doc. 23 at 4).[3]

Finally, in his Reply to Respondent's Answer, Petitioner again only argues that his statutory right to a speedy trial was violated (either by his counsel's acquiescence to the fitness hearing or the trial court's *sua sponte* consideration of his fitness), and does not appear to allege any federal law or constitutional violation.[4] Therefore, because neither grounds one or two of the § 2254 Petition

---

was arguably brought pursuant to 725 ILCS 5/104-10 and Illinois case law interpreting whether a defendant is fit for trial (Doc. 7 Exh. F at 2).

[3] The relevance of this fact to the instant proceedings is that Petitioner did not argue that while his direct appeal was brought pursuant to state law, the post-conviction petition was brought pursuant to federal constitutional law. If it could be argued that Petitioner's claim on post-conviction relief did encapsulate a federal constitutional claim (which the Court does not believe it did), the Fourth District decided his claim on the independent and adequate state law ground of forfeiture, which this Court may not review. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. . . . whether the state law ground is substantive or procedural.").

[4] In his Reply brief, Petitioner does cite to *Dusky v. United States*, 362 U.S. 402 (1960), for what he believes to be the proper federal standard under which a defendant's competency to stand trial is to be evaluated. However, even if this is to be interpreted as a claim that the trial judge did not appropriately consider his competency to stand trial under federal law, and even if such claim had merit (which the Court is not holding), Petitioner did not raise any such federal claim before the state court, and thus cannot do so now. *See Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001) ("a petitioner's reformulation of his claim should not place the claim in a significantly different legal posture by making the claim stronger or more substantial."). Again, as mentioned *supra* in footnote 3, even if such claim was

argue that Petitioner's federal rights have been violated, they do not state a cognizable claim upon which the Court may grant habeas relief.

While Petitioner's claim of ineffective assistance of counsel does state a cognizable claim for relief under federal constitutional law, the Court finds that it is without merit. According to Petitioner, his appellate counsel was constitutionally ineffective for failing to raise his speedy trial claims on direct appeal. (Doc. 1 at 9). Petitioner raised this issue before the Illinois state courts in his petition for post-conviction relief (Doc. 7 Exh. H at 6), and was denied by the Fourth District based upon a finding that Petitioner suffered no prejudice therefrom because the two contentions he asserted that his counsel should have raised were meritless. (Doc. 7 Exh. H at 12 (*citing People v. Simms*, 736 N.E.2d 1092, 1107 (Ill. 2000) for the proposition that "a defendant does not suffer prejudice from appellate counsel's failure to raise a nonmeritorious claim on appeal.")).

In order to succeed on a claim for ineffective assistance of counsel, Petitioner must prove that (1) counsel's performance fell below an objective standard of reasonable representation under the circumstances; and (2) there is a reasonable probability that, but for the errors, the proceeding would have had a different result. *Strickland v. Washington*, 466 U.S. 668 (1984). In addition, an ineffective assistance claim brought pursuant to § 2254 which was previously adjudicated in state court must also meet the requirements of § 2254(d)—that is, the Court must find that the state court's decision was contrary to, or involved an unreasonable

---

raised, this Court is barred from review because it was decided upon the independent and adequate state law ground of procedural forfeiture.

application of, clearly established federal law. Accordingly, Petitioner's burden is to show that the Fourth District "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

In this case, the Fourth District found that Petitioner had failed to meet the *Strickland* standard because the issues he believed his counsel was ineffective for not raising—namely the violation of his statutory right to a speedy trial—were meritless, and therefore Petitioner suffered no prejudice. (Doc. 7 Exh. H at 12). The Court cannot find that this was an unreasonable application of *Strickland*. An appellate counsel's failure to appeal a meritless clearly cannot prejudice a defendant under the second prong of *Strickland*,[5] and the Fourth District had already determined that the claims Petitioner wished his appellate counsel to raise were meritless. Therefore, because the state court's determination of Petitioner's ineffective assistance of counsel claim was not unreasonable, Petitioner's ineffective assistance of counsel claim is DENIED.

## MOTIONS TO EXPAND THE RECORD

In addition to his § 2254 Petition, Petitioner has also filed two Motions to Expand the Record pursuant to Rule 7 of the Rules Governing § 2254 Cases (Docs. 22 & 24). Rule 7(a) provides that "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Here, Petitioner seeks to add to the record various transcripts from his state court criminal proceedings, in cases other than the one underlying the

---

[5] In addition, the Court notes that the decision to forego raising meritless claims on appeal would also be above the objective standard of reasonable representation pursuant to the first prong of *Strickland*.

8

instant petition, which he asserts are necessary to show his claim that his statutory right to a speedy trial was violated. Because the documents do not bear on the question of ineffective assistance of counsel and the Court has found that his speedy trial claims are noncognizable, the record need not include these documents and Petitioner's Motions to Expand (Docs. 22 & 24) are DENIED.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a habeas petition on procedural grounds, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court

denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find that reasonable jurists would debate that Petitioner's claims are either noncognizable, procedurally defaulted, or without merit. While there may be a question as to whether Petitioner raises a cognizable federal claim for violation of his speedy trial rights, even if such a cognizable federal claim was pled by Petitioner, it is clear that the claim is procedurally defaulted by either his failure to raise it in state court, or the state court's determination of it on the independent and adequate state law ground of forfeiture. Likewise, the Court does not find it debatable that the state court's application of *Strickland* to Petitioner's claim of ineffective assistance of counsel was reasonable. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motions to Expand the Record (Docs. 22 & 24), and Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) are DENIED, and the Court DECLINES to issue a certificate of appealability. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 21st day of June, 2011.

                                                                                                              s/ Joe B. McDade
                                                                                                             JOE BILLY McDADE
                                                                             United States Senior District Judge